**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on ___7/28/08___**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS EMPLOYEE BENEFIT TRUST FUNDS; DOUG LUNG AND BOB TRAGNI AS TRUSTEES OF THE NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS DISTRICT NO. 9 HEALTH AND WELFARE TRUST FUND, | No.  C08-00537 RMW<br><br>ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT |
| Plaintiffs, | |
| v. | |
| SPARTAN ENGINEERING, INC.,<br>a California Corporation, | |
| Defendant. | |

Plaintiffs filed the present action on January 24, 2008.  The complaint was served on February 21, 2008 and the summons filed on March 19, 2008.  No response or appearance has been made by defendant Spartan Engineering Inc. ("Spartan").  On May 20, 2008, default was entered against defendant.  Plaintiffs now apply for default judgment against defendant.  Defendant did not file any opposition and neither defendant nor plaintiffs appeared at the hearing on plaintiffs'

1  application held on July 25, 2008.  For the reasons set forth below, the court grants plaintiffs'

2  application for default judgment.

3  ## I.  BACKGROUND

4          Plaintiffs have sued defendant Spartan for failure to pay employee benefits pursuant to a

5  collective bargaining agreement covering certain of its employees.  These employee benefits were to

6  be paid on a monthly basis into certain Northern California-Northern Nevada Sound and

7  Communications Employee Benefit Trust Funds no later than the fifteenth day of each month

8  following the month for which payment is made.  Decl. Bob Tragni Supp. Mot. Default J. ("Tragni

9  Decl.") ¶ 3.  The amounts to be submitted are based on the number of hours worked by the

10  employees covered by a collective bargaining agreement.  Compl. ¶ 6.  Pursuant to a signed letter of

11  assent, Spartan is subject to the 9th District Sound & Communications Agreement Northern

12  California Addendum No. 2 ("Addendum 2").  Compl., Ex. 1.  Pursuant to Addendum 2, Spartan is

13  required to pay, *inter alia*, pension benefits and health and welfare benefits in accordance with the

14  provisions of the applicable trust agreement for each fund.  *Id.*, Ex. 1 at 35, 36.

15          Defendant submitted transmittals regarding contributions for the months of September 2007

16  through January 2008.  Decl. of Sue Campbell Supp. Mot. Default J. ("Campbell Decl.") ¶ 4.

17  Payments for September through November 2007 were paid in full, but late. Defendant paid all but

18  $2,633.12 of the balance owed for December 2007 and has not paid the owed amount for January

19  2008. All payments made by defendant were late and, according to plaintiffs, under the trust

20  agreement provisions require Spartan to pay liquidated damages of 10% and interest of 8% on the

21  late and delinquent amounts.

22  ## II.  ANALYSIS

23          Plaintiffs seek damages as follows:

24  | | |
|---|---:|
| Delinquent Contributions (12/07 and 1/08) | 21,121.57 |
| Liquidated Damages at 10%: | 11,256.52 |
| Prejudgment Interest at 8%: | 3,342.60 |
| Attorney's Fees: | 6,454.50 |
| Attorney's Costs: | 390.00 |
| | ---------------- |
| | $42,565.19 |

28

United States District Court
For the Northern District of California

1    When entering default judgment, the court must determine what violations, if any, arise from

2    the well-pled allegations of the complaint.  The court need not make detailed findings of fact in the

3    event of a default judgment.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).  It

4    must, however, make particularized findings as to damages.  *Id.*  The "general rule is that upon

5    default, allegations of the complaint are accepted as true except as to damages." *Id.* (citing *Geddes*

6    *v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  Based on the declarations submitted by

7    plaintiffs, it appears that the liquidated damages are owed under the terms of the trust and that

8    plaintiffs have correctly assessed 10% liquidated damages on the delinquent payments made by

9    defendant.

10    **A.    Delinquent Contributions**

11    Plaintiffs seek past fringe benefit contributions of $21,121.57 on behalf of the I.B.E.W.

12    Local 332 Trust Funds.  Bob Tragni Decl. at 3.  Plaintiffs compute this amount based on transmittals

13    submitted by Spartan for the months of August, September, October, November and December

14    2007, and January 2008.  *Id.*, Ex. B.  As set forth above, $2,633.12 of the December 2007 transmittal

15    is due and is now late.  The full amount of the January 2008 transmittal, $18,488.45, is due in full

16    and is now late.

17    This court has jurisdiction over amounts an employer has contractually "promised" to pay.

18    *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S.

19    539, 548-49 (1988).  An employer's contractual obligation ceases when it "it permanently ceases to

20    have an obligation to contribute under the plan, or . . . permanently ceases all covered operations

21    under the plan." *Id.* at 546 n.10 (citing 29 U.S.C. § 1383(a)).  Based on the Campbell Declaration

22    submitted by plaintiffs, which attaches the transmittals submitted by Spartan to defendants for the

23    months in question, the court is satisfied that defendant has a continued contractual obligation to

24    make contributions under the collective bargaining agreement for the months in question.  It will

25    thus award the $21,121.57 in delinquent contributions sought by plaintiffs.

26    **B.    Liquidated Damages**

27    Plaintiffs request payment for unpaid liquidated damages for the period from August 2007

28    through January 2008 in the amount of $11,256.52.  Pursuant to the collective bargaining agreement

ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT—No. C-08-00537 RMW
ERE                                                                    3

between plaintiffs and defendant, liquidated damages are due for delinquent fringe benefits in the amount of 10% of the amount owed.  Defendant submitted fringe benefit payments for the months of August 2007 through November 2007, but because these payments were late, it incurred the 10% liquidated damages penalty.  In addition, defendant has not paid in full the required fringe benefit payments the month of December 2007 and its partial payment was late. Finally, defendant has not submitted any payments for January 2008.  The court thus finds that defendant owes the liquidated damages of $11,256.52 sought by plaintiffs.

### B.    Prejudgment Interest

Plaintiffs seek prejudgment interest at an annual rate of 8%.  Campbell Decl. ¶ 7.  Plaintiffs ask for interest of $3,342.60.  ERISA provides that interest on unpaid contributions shall be determined by using the rate provided for in the plan or, if none, the rate prescribed under I.R.C. § 6621(g)(2).  29 U.S.C. § 1132(g)(2).  The Health & Welfare Trust Fund agreement provides for interest at an annual rate of 8%.  Campbell Decl., Ex. C at 10-11.  The court concludes that 8% is an appropriate prejudgment interest rate.[1]  However, the court does not find plaintiffs calculation of prejudgment interest to be correct.  Although they assert in one portion of their declaration that the August 2007 and September 2007 shortages were paid on March 21, 2008, plaintiffs nonetheless seek interest through July 15, 2008 for those amounts.  The court will thus deduct the interest requested for those "unpaid" amounts from the total interest requested. The court will award $3,194.16 ($3,342.60 - ($88.16 + $60.28)) in interest.

### C.    Attorney's Fees and Costs

Plaintiffs' counsel seeks attorney's fees of $6,454.50 for a total of 30.1 hours plus 3 hours to prepare the default judgment.  Campbell Decl. ¶ 2.  The court has reviewed the billing statements submitted by plaintiffs' counsel.  The court finds counsel's billing rate and costs of $390.00 to be reasonable.  However, the court declines to award plaintiffs' counsel fees for 3 hours to prepare the motion for default judgment.  In light of counsel's failure to appear or to inform the court that she did not intend to appear at the hearing on the matter, the court will award attorney's fees for 1 hour

---

[1]    I.R.C. § 6621(g)(2) generally provides that the quarterly interest rate for underpayment is the federal short-term rate for the first month of that quarter plus three percentage points.  Applying I.R.C. § 6621(g)(2), the annual interest rate would be approximately 8%.

to prepare the motion for default judgment.  Further, the court will not award counsel's fees for the 1.75 hours she claims for work done in July and August 2007, six months before this case was filed. The court thus awards attorney's fees of $5,723.25 (29.35 hours x $195) and costs of $390.00.

### III.  ORDER

For the foregoing reasons, the court hereby enters judgment against defendant Spartan and in favor of plaintiffs.  Plaintiffs are entitled to an award of $21,121.57 for delinquent contributions as well as liquidated damages for late and delinquent contributions at a rate of 10%, or $11,256.52. The court grants plaintiffs interest on the delinquent contributions in the amount of $3,194.16. Plaintiffs' counsel is entitled to attorney's fees of $5,723.25 and costs of $390.00.

DATED:    7/25/08

_Ronald M Whyte_
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Sue Campbell                suecampbell@att.net

**Counsel for Defendants:**

(no appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/28/08                          /s/ MAG
                                        **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT—No. C-08-00537 RMW
ERE                                    6